**Frank BERTINO, Plaintiff–Appellant,**

v.

**TOWN OF GREENWICH, Daniel A. Hendrie, Officer, James Heavey, Lieutenant, John King, Officer, Eric W. Scorca, Officer, Defendants–Appellees,**

**James A. Walters, Chief, Defendant.**

No. 11–3367–cv.

United States Court of Appeals, Second Circuit.

July 16, 2013.

Frank Bertino, pro se, Cos Cob, CT, for Appellant.

Keith P. Sturges, Goldstein and Peck, P.C., Bridgeport, CT (William J. Kupinse, Jr., Goldstein and Peck, P.C., Bridgeport, CT, Valerie Maze Keeney, Town of Greenwich Law Department, Greenwich, CT, on the brief), for Appellees.

PRESENT: ROSEMARY S. POOLER, RAYMOND J. LOHIER, JR. and SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

Appellant Frank Bertino appeals from the district court's judgment, entered after a jury trial, finding defendants not liable as to his excessive force claim under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

With respect to Bertino's claim that police officers lied under oath at trial, Bertino does not point to the specific statements he claims are false, nor does he point to any evidence that proves his allegations. Nevertheless, his claim that police officers lied under oath is essentially an attack on the credibility of their trial testimony, which was properly evaluated and determined by the jury. Because "assessments of ... the credibility of witnesses are for the jury and not grounds for reversal on appeal," Bertino's claim that police officers lied is not grounds for reversal or a new trial. *See Maldonado v. Scully,* 86 F.3d 32, 35 (2d Cir.1996).

With respect to Bertino's claim that defense counsel had a conflict of interest because counsel improperly obtained and used information about Bertino's "accelerated rehabilitation" hearing against him at trial, there is no indication that Bertino raised this claim below. *See LoSacco v.*

*City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995) (deeming claims not raised on appeal by a *pro se* litigant to be abandoned). In any event, the limited portion of the transcript that Bertino ordered in this case reflects that defense counsel argued that Bertino's testimony at trial was inconsistent with statements contained in an "accelerated rehabilitation report." Since that report and the accompanying hearing transcript were Bertino's exhibits at trial—*i.e.,* entered into evidence by him—Bertino cannot argue that defense counsel obtained or used the report or hearing transcript improperly.

We have considered Bertino's remaining arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.